# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2246

_____

| | | |
|---|---|---|
| Larry Ingram, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| City of Pine Bluff; Pine Bluff Planning | * | |
| Commission; Dale Dixon, individually | * | |
| and in his official capacity; J. C. | * | |
| Jeffries, individually and in his official | * | Appeal from the United States |
| capacity; Irene Holcomb, individually | * | District Court for the Eastern |
| and in her official capacity; Dutch | * | District of Arkansas. |
| King, individually and in his official | * | |
| capacity; Dr. Phillip Chavis, | * | [UNPUBLISHED] |
| individually and in his official capacity; | * | |
| Bill Brummett; individually and in his | * | |
| official capacity; Levert Blunt, | * | |
| individually and in his official capacity; | * | |
| Jackie Kirby, individually and in his | * | |
| official capacity; Jerry Taylor, | * | |
| individually and in his official capacity, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 17, 2000

Filed: November 22, 2000

_____

Before BYE, HEANEY, and FAGG, Circuit Judges.

PER CURIAM.

After the City of Pine Bluff demolished his building, Larry Ingram brought this federal lawsuit against the City, its Planning Commission, and its City Council members (collectively "the City"), asserting they "deprived [him] of his constitutional property right without due process of law or just compensation." Ingram also asserted the City's actions amounted to "a wrongful taking of [his] property without a justifying public purpose and without substantive or procedural due process," and violated his rights under the equal protection clause. In addition, Ingram asserted fraud and breach of contract claims under state law. The City filed a motion to dismiss the complaint, and Ingram sought to file a first amended complaint adding an allegation the City seized his property. Accepting the complaint's allegations as true and construing all reasonable inferences from the allegations in Ingram's favor, the district court concluded Ingram failed to state a ripe takings claim because he had not sought compensation for the taking through available state procedures. The district court dismissed Ingram's other constitutional and state claims without prejudice, allowing Ingram to refile them after pursuing available state-law remedies. The district court denied Ingram's motion to file his amended complaint as moot.

On appeal, Ingram contends he need not seek compensation in state court before bringing his federal lawsuit. According to Ingram, state inverse condemnation procedures are unavailable because the City did not take his property for a public purpose. We disagree. Arkansas law provides for inverse condemnation, defined as "a cause of action against a governmental defendant to recover the value of property which has been taken in fact by a governmental entity, although not through eminent domain procedures." National By-Products, Inc. v. City of Little Rock, 916 S.W.2d 745, 747-48 (Ark. 1996); see also Ark. Code Ann. § 18-15-410 (Michie 1987). Because Arkansas law provides adequate means for compensating Ingram for his

property taken in fact by the City, and Ingram has not shown a state inverse condemnation action would be futile, Ingram "must bring an action in the Arkansas courts before [his] takings claim will be ripe for prosecution in the federal arena." McKenzie v. City of White Hall, 112 F.3d 313, 317 (8th Cir. 1997); accord Collier v. City of Springdale, 733 F.2d 1311, 1317 (8th Cir. 1984) (just compensation must be afforded for de facto taking and state courts must interpret their statutes in accordance with just compensation clause). We decline the City's invitation to review the remaining claims because they are not properly before us given the current state of the record.

Having carefully considered all of Ingram's arguments, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.